IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Bernard Tracy Jones, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 8:17-02751-TMC |
| v. | ) | |
| | ) | **ORDER** |
| ~~Scarlett Wilson,~~ | ) | |
| ~~Atty Name Unknown,~~ | ) | |
| ~~Sheriff Al Cannon,~~ | ) | |
| Chief Beatty, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a pretrial detainee proceeding *in forma pauperis*, seeks relief under 28 U.S.C. § 2241. With the assistance of counsel, Petitioner filed this Petition for writ of habeas corpus on October 10, 2017 (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this action be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 13). This decision was based on the doctrines of abstention and exhaustion of state remedies. (ECF No. 13 at 6). The Report included a notice to the Petitioner that he may file objections to the Report within fourteen days of the date of service of the Report. (ECF No. 13 at 8). However, Petitioner filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 13), which is incorporated herein by reference. Accordingly, this action is **DISMISSED without prejudice** and without requiring the Respondent to file an answer or return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                                  s/Timothy M. Cain
                                                                  United States District Judge

Anderson, South Carolina
November 27, 2017